Filed 6/13/24  P. v. Mears CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>AARON JAMES MEARS,<br><br>        Defendant and Appellant. | C098457<br><br>(Super. Ct. No. MAN-CR-FE-2022-0006383) |

Defendant Aaron James Mears pleaded no contest to assault with a deadly weapon and possession of methamphetamine with intent to sell.  Consistent with the plea, the trial court sentenced defendant to five years in prison, and subsequently ordered him to pay $5,241 in victim restitution.

Defendant appeals from the restitution order, arguing (1) the trial court applied the wrong standard for loss causation, and (2) there was no causal relationship between defendant's crimes and some of the awarded losses.

Regarding the causal standard, we presume the trial court applied the correct standard because defendant has not shown otherwise.  As for defendant's challenge to the causal relationship between his crimes and the awarded losses, the record supports the trial court's findings and award.  We will affirm the restitution order.

1

BACKGROUND

On June 3, 2022, the victim was seated in a GMC Yukon at a park. Defendant approached the victim, hit him through an open window, and yelled for him to get out of the vehicle. When the victim opened the door, defendant pulled him out of the Yukon and struck him again, causing the victim to fall to the ground. Defendant kicked the victim, stomped on his head repeatedly, dragged him from the parking lot, and went through his pockets. The victim awoke in the hospital many days later and was hospitalized for 15 days.

Defendant pleaded no contest to assault with a deadly weapon, and he admitted a serious bodily injury enhancement allegation. Defendant also pleaded no contest to possession of methamphetamine with intent to sell. The trial court sentenced defendant to the agreed upon aggregate prison term of five years and imposed various fines and assessments.

A contested restitution hearing occurred on April 18, 2023. The victim testified that at the time of the attack, he had property in his Yukon, property in a nearby storage unit, and property loaded on a trailer that he had parked in front of the storage unit. The victim said defendant's attack and the victim's resulting injuries, extended hospitalization, and inability to work caused him to lose the property in his Yukon and also caused him to lose his trailer, its contents, and the property in the storage unit. He explained that on the day of the attack, he left the trailer parked in front of the storage unit and went to the park. While the victim was in the hospital, the trailer was left unattended and it was stolen. The victim had planned to sell the property loaded on the trailer at a flea market to pay the rent for the storage unit, but because of his injuries and hospitalization he could not attend to the trailer, the trailer and its contents were stolen, he could not sell the items on the trailer, and he could not return to work. As a result, he did not have money to pay the storage unit rent and the owner of the storage unit auctioned off the victim's property in the unit for $120, applying that money to the rent. Although

2

the victim had been out on disability leave prior to the attack, he had been cleared to return to work at the time of the attack. The attack prevented him from working and he became dependent on his brother for his basic needs.

The trial court found that defendant's assault had hospitalized the victim for 15 days and disrupted his life. Although it found that some claimed items had been overvalued, it found the victim to be credible. It ordered defendant to pay $5,241 in victim restitution, consisting of $3,741 for losses associated with the victim's truck and trailer, and $1,500 for items lost from the storage unit.

APPLICABLE LAW AND STANDARD OF REVIEW

"The California Constitution gives crime victims a right to restitution and, consequently, requires a court to order a convicted wrongdoer to pay restitution in every case in which a crime victim suffers a loss. (Cal. Const., art. I, § 28, subd. (b)(13)(B).) To implement this requirement, [Penal Code] section 1202.4, subdivision (f),[1] generally provides that 'in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.' " (*People v. Sy* (2014) 223 Cal.App.4th 44, 62.) Restitution is limited to losses caused by the criminal conduct for which the defendant was convicted. (§ 1202.4; *People v. Lai* (2006) 138 Cal.App.4th 1227, 1246; *People v. Foalima* (2015) 239 Cal.App.4th 1376, 1395-1396 (*Foalima*).)

In determining whether the defendant's conduct was the cause of a loss, the court applies the "substantial factor" test. (*Foalima, supra*, 239 Cal.App.4th at p. 1396.) A defendant's conduct is the proximate cause of a loss if it was a substantial factor in

---

**1** Undesignated statutory references are to the Penal Code.

bringing about the loss. (*Ibid*.) The question is whether the victim would have incurred losses had the defendant committed no crime. (*Id*. at p. 1397.) The standard is a broad one and requires only that the contribution of the defendant's conduct be more than negligible or theoretical. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321 (*Holmberg*).)

If the People make a prima facie showing for restitution, which can be established by the victim's testimony, the burden shifts to the defendant to demonstrate that the true amount of loss is different. (*People v. Shelly* (2022) 81 Cal.App.5th 181, 199.) The standard of proof at the hearing is a preponderance of the evidence. (*Id*. at p. 198.)

We review the trial court's restitution order for abuse of discretion, asking whether the ruling falls outside the bounds of reason under the applicable law and relevant facts. (*People v. Giordano* (2007) 42 Cal.4th 644, 663 (*Giordano*).) We presume the judgment is correct, and to set it aside an appellant must affirmatively show error. (*Id*. at p. 666.)

DISCUSSION

I

Defendant contends the trial court applied the wrong standard for loss causation. But at the restitution hearing, although defendant's counsel argued the victim was not entitled to the restitution sought, he did not raise the question of the proper standard to be applied and did not object to the standard actually applied. Because defendant did not give the trial court an opportunity to explain or correct the standard applied, the record does not establish that an incorrect standard was used. We presume the trial court followed the law and did its duty. (*Giordano, supra*, 42 Cal.4th at p. 663; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.)

II

Defendant further contends there was no causal relationship between defendant's crimes and the losses from the trailer and the storage unit.

4

The contention requires us to determine whether defendant's criminal conduct was a substantial factor in bringing about the victim's losses. (*Foalima, supra*, 239 Cal.App.4th at pp. 1396-1397.) The record shows that defendant hit, kicked, and stomped on the victim's head causing serious bodily injury, unconsciousness for almost a week, and an extended hospital stay. During the relevant time period the victim relied on his brother for basic needs and was unable to work.

Because the trailer and its contents were stolen by someone else, and the items in the storage unit were sold at auction for nonpayment of rent, defendant argues those losses were the result of independent intervening acts by others, absolving him of responsibility. But in order to be independent, an intervening cause must be unforeseeable, i.e., an extraordinary and abnormal occurrence that rises to the level of an exonerating and superseding cause. (*Foalima, supra*, 239 Cal.App.4th at p. 1397.) " ' " ' "A defendant may be criminally liable for a result directly caused by his act even if there is another contributing cause. If an intervening cause is a normal and reasonably foreseeable result of defendant's original act the intervening act is 'dependent' and not a superseding cause, and will not relieve defendant of liability. [Citation.] '[] The consequence need not have been a strong probability; a possible consequence which might reasonably have been contemplated is enough. [] The precise consequence need not have been foreseen; it is enough that the defendant should have foreseen the possibility of some harm of the kind which might result from his act.' " ' " ' " (*Ibid*.)

Here, the trailer and its contents were stolen while defendant was in the hospital. The victim had intended to move the trailer but the attack prevented him from doing so. The loss of the trailer and its contents was foreseeable given that defendant caused that property to be left unattended.

As for the items in the storage unit, the victim intended to sell the items on the trailer to pay the storage unit rent. When the trailer was stolen, and when the victim could not work, the victim had no money for storage unit rent and lost the contents of the

5

storage unit.  Although there may have been multiple causes for this loss, the record indicates defendant's criminal conduct was a substantial factor and was not negligible or theoretical.  (*Homberg, supra*, 195 Cal.App.4th at pp. 1321-1322.)  Defendant should have foreseen the possibility of some harm of the kind which might result from his offense (*Foalima, supra*, 239 Cal.App.4th at p. 1397), and it was foreseeable that the victim may have incurred losses as a result of the severity of the beating and an inability to bring in money to make ends meet.

The trial court did not abuse its discretion in awarding the victim restitution for those items.

DISPOSITION

The judgment is affirmed.


_____/S/_____<br>
MAURO, Acting P. J.

We concur:


_____/S/_____<br>
MESIWALA, J.


_____/S/_____<br>
FEINBERG, J.